Jeremy T. Bergstrom, Esq.
Nevada Bar No. 6904
MILES, BAUER, BERGSTROM & WINTERS, LLP
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV  89052
(702) 369-5960 / FAX (702) 369-4955
E-mail: jbergstrom@mileslegal.com
File No. 09-93663

E-filed on <u>December 8, 2009</u>

Attorneys for "Secured Creditor",
BAC HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS SERVICING, LP

<u>**UNITED STATES BANKRUPTCY COURT**</u>

<u>**DISTRICT OF NEVADA**</u>

| | |
|---|---|
| In re:<br><br>PAUL M. SPRADA AND SUSAN AGNES SPRADA<br><br><br>                    Debtors. | Case No.: BK-S-09-19424-MKN<br>Chapter 13<br><br><u>**OPPOSITION TO MOTION TO VALUE COLLATERAL AND "STRIP OFF" AND MODIFY RIGHTS OF BAC HOME LOAN SERVICING, LP/BANK OF AMERICA, NA/COUNTRYWIDE BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNS PURSUANT TO 11 U.S.C. 506(A) AND 1322**</u><br><br>Date:   December 10, 2009<br>Time:   2:30 P.M. |

COMES NOW, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME

LOANS SERVICING, LP, a "Secured Creditor" in the above-entitled Bankruptcy proceeding,

hereby submits its Opposition to the Motion to Value Collateral and Strip Off filed by the

Debtors.

///

///

///

///

1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    FACTS

3

On June 4, 2009, the Debtors filed their petition under Chapter 13 of the Bankruptcy

4 Code. The Debtors own the home located at 4908 Stacey Avenue Las Vegas Nevada 89108 (the

5 "Property").

6

The Property is security for a First Deed of Trust in favor of BAC HOME LOANS

7 SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP in the amount of

8 $198,000.00. (the "first DOT"). The Property is security for a Second Deed of Trust in favor of

9 Countrywide, in the amount of $47,110.00.   Attached to the Debtors'' Motion to Value

10 Collateral is a Zillow.com print out indicating that the value of the Property to be the amount of

11 $173,000.  The Motion is seeking an order from this Court determining that the Second Deed of

12 Trust be fully unsecured debt, but also that the First Deed of Trust is secured debt up to

13 $173,000, and that for any amount in excess of $173,000, be classified as a general unsecured

14 claim to be paid pro rata with other general unsecured creditors through the Debtors' chapter 13

15 plan. And to also find that "Secured Creditor" is not the holder of the lien on the subject

16 property.

17

### II.    ANALYSIS

18

19 **A.    BECAUSE THE SUBJECT PROPERTY FALLS UNDER AN EXCEPTION TO 11 U.S.C. 506(a)(1), THE SECURED CLAIM OF "SECURED CREDITOR" ON ITS FIRST DEED OF TRUST LIEN CANNOT BE MODIFIED.**

20

21 11 U.S.C. 506(a)(1) provides in pertinent part:

22 (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to

23 the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is

24 less than the amount of such allowed claim.

2

Section 506(d) states in pertinent part, "to the extent that a lien secures a claim against the Debtors that it is not an allowed secured claim, such lien is void." Section 506 is a section of general applicability and a Chapter 13 case allows bifurcation of a claim into secured and unsecured portions. *Wilson V. Commonwealth Mortgage Corp.*, 895 F.2d 123, 22 C.B.C. 561 (3rd Cir. 1990).    Section 506(d) allows fully unsecured second deeds of trusts to be stripped, however it does NOT allow first deeds of trusts on the principal residences of Debtors to be partially stripped or modified in Chapter 13 proceedings since an exception exists in 11 U.S.C. 1332(b).

11 U.S.C. 1322(b) states in pertinent part:

"(b) Subject to subsections (a) and (c) of this section, the plan may--
(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the Debtors if an individual is liable on such consumer debt with the Debtors differently than other unsecured claims;
(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the Debtors' principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;…"

According to the landmark U.S. Supreme Court decision in <u>Nobleman v. American Savings Bank</u>, 113 S.Ct. 2106 (1993), a lien on the primary residence of the Debtors cannot be stripped in the course of a Chapter 13 bankruptcy if any portion of the interest was secured.  In the case of <u>In re Geyer</u>, 203 B.R. 726 (Bkrtcy.S.D.Cal.,1996)**,** the court held that to be afforded protections of statute prohibiting Chapter 13 Debtors from reducing undersecured homestead mortgage to fair market value of mortgaged residence, creditor must be holder of claim that is at least partially secured.   A wholly unsecured debt" Secured Creditor" does not have the protection of the exception contained in 11 U.S.C. 1322(b) as held in the case of <u>In re Lam</u>, 211 B.R. 36 (1997).

1    In sum, modification of the rights of holders of secured claims, in which the only security

2  is the residence of the Debtors, is not allowed in Chapter 13 proceedings.  The exception is

3  where the mortgage is wholly unsecured.  *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002).  A wholly

4  unsecured lienholder is not entitled to the protections of 11 U.S.C. 1332(b).  However, if ANY

5  portion of the mortgage claim is secured, Section 1332(b) protections will apply and lien

6  stripping or modification is not permissible.

7    Here, it is undisputed that the First Deed of Trust secured the Property in favor of

8  "Secured Creditor" as the lien holder in first position.  There is value in the Property as admitted

9  by the Debtors via the claimed fair market value of $173,000.00 set forth in the moving papers.

10  Because the amount due to "Secured Creditor" is a secured claim, value exists, the lien is a first

11  lien against the property and the property is the residence of these Debtors, the rights of "Secured

12  Creditor" cannot be modified by this Court.

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

4

1

### III.  <u>CONCLUSION</u>

Based on the facts and arguments as set forth above, Secured Creditor respectfully requests that this Court deny Debtors' Motion on its First Deed of Trust.

WHEREFORE, "Secured Creditor" prays as follows:

(1) That Debtors' Motion be denied impart as to the cram down of the First Deed of Trust.

(2) For attorney's fees and costs.

(3) For such other relief as this Court deems proper.


MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated:   December 7, 2009        By:    /s/ Jeremy T. Bergstrom, Esq.
                                        Jeremy T. Bergstrom, Esq.
                                        Attorney for "Secured Creditor"

**(09-93663/objaznv.dot/fam)**

1

**CERTIFICATE OF MAILING**

2

The undersigned hereby certifies that on ___December 8, 2009___, a copy of

3

"Secured Creditor's **OPPOSITION TO MOTION TO VALUE COLLATERAL AND**

4

**"STRIP OFF" AND MODIFY RIGHTS OF BAC HOME LOANS SERVICING, LP/**

5

**BANK OF AMERICA, NA/ COUNTRYWIDE BANK FSB, ITS SUCCESSORS AND/OR**

6

**ASSIGNS PURSUANT TO 11 U.S.C. 506(A) AND 1322** was served by depositing a copy of

7

same in the United States Mail, in a postage prepaid envelope, addressed to:

8

DEBTORS:
Paul M. Sprada
Susan Agnes Sprada
9

4908 Stacey Avenue
10

Las Vegas, NV 89108

11

ATTORNEY FOR DEBTORS:
Miguel Galvez, Jr.        *VIA FAX (702) 636-0466*
12

333 N. Rancho Dr., #570
Las Vegas, NV  89106

13

CHAPTER 13 TRUSTEE:
14

Rick A. Yarnall        *VIA FAX (702) 853-4513*
701 Bridger Ave. #820
15

Las Vegas, NV  89101

16

JUNIOR LIENHOLDER
Countrywide        *VIA CERTIFIED MAIL*
17

Attn: Officer or Agent
PO Box 5170
18

Simi Valley, CA 93062

19

20

I declare under penalty of perjury under the laws of the State of Nevada that the

foregoing is true and correct.

21

22

_____/s/ Felicia McGhee_____

An Employee of Miles, Bauer, Bergstrom & Winters, LLP

**(09-93663/objaznv.dot/fam)**

23

24

6